### In re ZYPREXA PRODUCTS LIABILITY LITIGATION.

**UFCW Local 1776 and Participating Employers Health and Welfare Fund, Eric Tayag, and Mid–West National Life Insurance Company of Tennessee, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**Eli Lilly and Company, Defendant.**

Nos. 04–MD–1596, 05–CV– 4115, 05–CV–2948.

United States District Court, E.D. New York.

March 30, 2007.

Brian P. Kenney, Kenney Lennon & Egan, Plymouth Meeting, PA, Daivd S. Nalven, Thomas M. Sobol, Hagens Berman Sobel Shapiro LLP, Cambridge, MA, Mark D. Fisher, Rawlins & Associates, PLLC, Louisville, KY, Richard Cohen, Lowey, Dannenber, Bemporad & Selinger, White Plains, NY, Steve W. Berman, Hagens & Berman, Seattle, WA, Douglas R. Plymale, Dugan & Browne PLC, New Orleans, LA, for Plaintiffs.

Andrew R. Rogoff, Anthony Vale, Nina M. Gussack, Pepper Hamilton LLP, Philadelphia, PA, Samuel J. Abate, Jr., McCarter & English, LLP, New York, NY, Nancy K. Juren, Assistant Attorney General of Texas Capitol Station, Austin, TX, for Defendant.

WEINSTEIN, Senior District Judge.

A motion for the declassification of certain documents produced by defendant Eli Lilly & Company ("Lilly") in discovery has been filed by plaintiffs. The motion has been referred to the Special Master for Discovery Peter Woodin for resolution, with a right of appeal to this court. *See* Order of March 1, 2006, No. 04–MD–1596, Document 419. The Special Master recommended that the motion be deferred "while Lilly's application for an injunction against the further dissemination" of certain confidential documents by individuals unrelated to the instant action was pending. *See* Letter of Peter H. Woodin (February 7, 2007). That recommendation was adopted by the court. *See* Order of February 7, 2007, No. 05–CV–4115, Document 85.

A judgment was issued in the injunction proceeding on February 13, 2007. *See In re Zyprexa Litigation*, 474 F.Supp.2d 385 (E.D.N.Y.2007). That order is currently being appealed to the Court of Appeals for the Second Circuit. The questions presented by the instant parties are whether plaintiffs' declassification motion can proceed at this time, and what criteria should govern Special Master Woodin's resolution of the motion.

## I.  History

### A.  The Litigation

Litigation against Eli Lilly & Co. for injuries allegedly caused by the use of the antipsychotic drug Zyprexa was initiated in this court in March 2004. *See Benjamin v. Eli Lily & Co.*, Docket No. 04–CV–00893. Many thousands of other cases were then transferred to this court from federal district courts throughout the United States pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See* Letter from Multidistrict Litigation Panel to Clerk of the Eastern District of New York, No. 04–MD–1596 (Apr. 14, 2004). In addition, there are pending in state courts a considerable number of related cases. *See In re Zyprexa Prods. Liab. Litig.*, No. 04–MD–1596, 2007 WL 160921 (E.D.N.Y. Jan. 18, 2007) ("Memorandum on Cooperation Between Federal and State Judges").

On June 20, 2005, Mid–West National Life Insurance Company of Tennessee, insurers of various individuals who were prescribed Zyprexa, filed a class action suit against Lilly seeking economic damages. A decision on certification has not been made. Similar suits were initiated by UFCW Local 1776 and Participating Employers Health and Welfare Fund in August of 2005, Local 28 Sheet Metal Workers in January of 2006, and Sergeants Benevolent Association Health and Welfare Fund in November of 2006.

### B.  Case Management Order No. 3

To facilitate prompt discovery in these cases, a protective order agreed to and submitted by the parties was issued in August 2004 pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See In re Zyprexa Prods. Liab. Litig.*, No. 04–MD–1596, 2004 WL 3520247, *1 (E.D.N.Y. Aug. 9, 2004) (stating purposes of protective order are "[t]o expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection

is afforded only to material so entitled ...") (hereinafter "CMO–3"). Preventing disclosures of documents served the added purpose of protecting a vulnerable plaintiff patient population and avoiding prejudice of potential jurors in any jury trial. *See* Tr. of Hr'g on Application to Issue CMO–3 (July 2, 2004) (magistrate judge Chrein: "material that might be misunderstood by the lay reader ... might do some harm or prejudge a case that is still pending"). CMO–3 was signed by both the district judge and magistrate judge.

The protective order permits parties to designate as "confidential" materials produced in discovery that the producing party believes in good faith are properly protected under Rule 26(c)(7) of the Federal Rules of Civil Procedure, which extends to "a trade secret or other confidential research, development, or commercial information." Fed. R.Civ.P. 26(c)(7); *see* CMO–3 at ¶ 3. All confidential documents are required to be stamped, "Zyprexa MDL 1596: Confidential–Subject to Protective Order." *Id.* at ¶ 4(b). Once a document is so marked, it "shall be used by the receiving party solely for the prosecution or defense of this Litigation, to the extent reasonably necessary to accomplish the purpose for which disclosure is made." *Id.* at ¶ 2.

The designation of particular discovery material as confidential does not require that it permanently remain subject to the protections of CMO–3. Rather, any party or aggrieved entity (even if not a party) can petition the court for declassification of confidential discovery materials at any time.

> If at any time a party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of discovery materials as Confidential made hereunder, such person shall notify the designating party of such dispute in writing, specifying by exact Bates number(s) the discovery materials in dispute. The designating party shall respond within 20 days of receiving this notification.
> If the parties are unable to amicably resolve the dispute, the proponent of confidentiality may apply by motion to the

Court for a ruling that discovery materials stamped as Confidential are entitled to such status and protection under Rule 26 of the Federal Rules of Civil Procedure and this Order, provided that such motion is made within forty five (45) days from the date the challenger of the confidential designation challenges the designation or such other time period as the parties may agree. The designating party shall have the burden of proof on such motion to establish the propriety of its Confidential designation.

> If the time for filing a motion ... has expired without the filing of any such motion, or ten (10) business days (or such longer time as ordered by this Court) have elapsed after the appeal period for an order of this Court that the discovery material shall not be entitled to Confidential status, the Confidential Discovery Material shall lose its designation.

CMO–3 at ¶ 9(b)–9(d).

Millions of documents produced by Lilly in discovery were designated confidential pursuant to CMO–3. Recently, Lilly has declassified a number of documents.

### C. Documents Leak and Injunction

In November and December of 2006, a conspiracy was entered into among a plaintiffs' expert, a New York Times reporter, and an attorney in Alaska to subpoena confidential documents under false pretenses and widely disseminate them. *See In re Zyprexa Injunction,* 2007 WL at *12–*13. Documents subpoenaed by Alaska attorney James Gottstein were provided to plaintiffs' expert Dr. David Egliman on December 11, 2006; Lilly was not given an adequate opportunity to object to the subpoena. *Id.* at *13–*15. Those confidential documents were disseminated widely through the New York Times and otherwise in the following weeks. *Id.* at *15–*17. Lilly petitioned this court on January 3, 2007 for an injunction requiring the documents return from individuals and websites who had received them from the conspirators.

A temporary injunction was granted on January 4, 2007, and made permanent by

judgment, with amendments, on February 13, 2007 after an evidentiary hearing. *Id.* at *45. That judgment is being appealed by Egilman and Gottstein to the Court of Appeals for the Second Circuit.

### D. Motions for Declassification by Non–Parties

During the pendency of the injunction proceedings, some non-parties to the Zyprexa litigation moved for declassification of documents produced by Lilly in discovery and designated confidential. The motion was denied with leave to renew "after the pending injunction proceedings, and related contempt actions, if any, have been completed." *In re Zyprexa Prods. Liab. Litig.*, No. 04–MD–1596, 2007 WL 203964, *1 (E.D.N.Y. Jan. 25, 2007). Subsequently, the United States Psychiatric Rehabilitation Association and related groups moved to declassify certain documents, and that motion was similarly deferred during the pendency of the injunction proceedings. *See* Order of Feb. 12, 2007, No. 04–MD–1596, Document 1150.

### E. Motion for Declassification by Plaintiffs

On November 7, 2005, plaintiffs filed a Notice of Plaintiffs' Action to Lift Confidentiality Designations Pursuant to Paragraph 9(b) of the Protective Order Dated October 3, 2005. No. 05–CV–4115, Document 15. The Notice indicated that, pursuant to the procedure outlined in paragraph 9(b) of CMO–3, plaintiffs had informed Lilly that they challenged the confidentiality designations of some two hundred Lilly documents cited in plaintiffs' complaint.

On January 16, 2006, Lilly moved before Special Master Woodin requesting that the documents cited in plaintiffs' complaint maintain their confidentiality designation. The issues were briefed by the parties, but the motion was never resolved. Plaintiffs renewed their request for declassification in January of 2007. The motion was deferred pending resolution of the injunction proceedings. *See* Order of February 7, 2007, No. 05–CV–4115, Document 85. Argument was heard on March 30, 2007 as to whether the motion should proceed at this time, and whether the court itself should decide if specified documents referred to in papers filed by plaintiff should be declassified.

### II. Analysis

The declassification motion brought by plaintiffs stands on a different footing than similar motions brought by people and organizations not parties to this litigation. Plaintiffs wish to use the declassified documents substantively in the prosecution of their suit against Lilly. The non-parties, by contrast, bring their suit in the public interest and do not intend to use the documents substantively to pursue the litigation in which the documents were produced.

In general, disclosure of information of public concern should be encouraged. *See, e.g.,* Daniel J. Givelber & Anthony Robbins, *Public Health Versus Court–Sponsored Secrecy,* 69 Law & Comtemp. Probs. 85 (Summer 2006) ("Suppressing information about the dangers inherent in corporate behavior and consumer products deprives regulators, litigants, and consumers of knowledge relating to safety."); Essay, *Secrecy in Civil Trials: Some Tentative Views,* 9 J of L & Pol'y 53 (2000) ("The societal interest in knowing what went wrong and why is great."); *In re Agent Orange Prod. Liab. Litig.,* 104 F.R.D. 559 (E.D.N.Y.1985).

In specific civil litigation, by contrast, countervailing interests of the parties—e.g., avoidance of undeserved commercial harm; maintenance of the privacy of one's medical history; the need to be able to speak openly and candidly during negotiations—suggesting nondisclosure to the public must be taken into account. *See* Fed.R.Civ.P. 26(c) ("the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *see generally* Givelber & Robbins, 69 Law & Contemp. Probs. at 137 ("If secrecy disappears once a lawsuit is filed, frivolous suits may be brought simply to uncover private and embarrassing information."); Catherine Wimberly et al., *Secrecy in Law & Science,* 23 Cardozo L.Rev. 1 (2001) ("Our society's democratic ideology is based on openness and transparency—nothing should be hidden. It

is also based on privacy-everything should be hidden.").

The need for revelation becomes more urgent when a party seeks disclosure in order to prosecute the case. Here, plaintiffs seek to declassify a limited number of documents relied upon in their complaint. Despite the potential for interference with the ongoing injunction proceedings—currently pending before the Court of Appeals for the Second Circuit—plaintiffs should be allowed to pursue their motion since they plan to use the documents substantively.

Plaintiffs' declassification motion is referred to Special Master Woodin for resolution. In ruling on whether the documents are properly designated confidential, the Special Master shall declassify any documents that do not fall within the ambit of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Documents that are properly protected under Rule 26(c)(7) should nonetheless be declassified unless defendant demonstrates an extraordinary reason to keep them under seal.

### III. Conclusion

The Special Master shall resolve plaintiffs' challenge to defendant's designation of certain documents produced in discovery as confidential in accordance with the directive in this order as promptly as practicable.

SO ORDERED.